# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

THEODORE A. ANDERSON                                                    PETITIONER

v.                                  NO. 5:11CV00149 SWW/HDY

RAY HOBBS, Director of the                                              RESPONDENT
Arkansas Department of Correction

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. In May of 2007, petitioner Theodore A. Anderson
("Anderson") was convicted in Saline County, Arkansas, Circuit Court of rape, residential
burglary, and domestic battery in the third degree. He was sentenced that same month
to an aggregate term of 240 months in the custody of respondent Ray Hobbs ("Hobbs").

Anderson appealed his rape conviction to the Arkansas Court of Appeals. He
maintained that the conviction was not supported by sufficient evidence because the acts
he allegedly committed were not the result of forcible compulsion but were instead
consensual.[1] The state Court of Appeals found no reversible error and affirmed his
conviction in February of 2008; the appellate court mandate was filed in March of 2008.

In October of 2008, Anderson filed a trial court petition for post-conviction relief
pursuant to Arkansas Rule of Criminal Procedure 37.1. In support of the petition, he
advanced the following claims: 1) his trial attorney provided constitutionally inadequate
representation, 2) Anderson's rape conviction was not supported by sufficient evidence
because there was no evidence of forcible compulsion, and 3) the victim made
inconsistent statements. The petition was denied in December of 2008 because, among
other reasons, it was untimely and the evidence Anderson presented did not exonerate
him. He did not appeal the adverse determination of his petition.

---

[1]

The state Court of Appeals found that Anderson "broke into the residence of his former girlfriend
..., physically attacked her, and engaged in two separate sexual acts with her." See Anderson v. State,
2008 WL 442598 at 1 (Ark.App. 2008).

In December of 2008, Anderson filed a trial court petition for writ of habeas corpus. He maintained that DNA testing of the semen found at the crime scene would exonerate him. The petition was denied the same month because, among other reasons, the evidence of his guilt was overwhelming and DNA testing would not exonerate him.

Anderson timely appealed the denial of his petition for writ of habeas corpus to the Arkansas Supreme Court. His appeal was dismissed at a preliminary stage in October of 2009 when it was determined that his petition did not state a basis for the writ. The state Supreme Court supported that determination with the following findings:

> [Anderson] admitted in a statement introduced at trial and in his testimony that he had anal sex with the victim. His defense, presented both in his statement and in his testimony, was that the sex was consensual rather than rape. Section 16-112-202(6) requires that a person who files a motion seeking testing under the act must identify a theory of defense that utilizes the results from the testing. That theory must establish the petitioner's actual innocence and must also be consistent with any affirmative defense presented at trial. [Anderson's] petition did not clearly set forth any theory of defense and simply asserted that the victim's statements concerning an assault were not supported by the evidence and that the test results would exonerate him.

> Even had [Anderson] identified a theory, the only possible theories of defense that would establish [his] innocence are clearly inconsistent with the defense [he] presented to the police and at trial. If [he] would now contend that the victim was not truthful in her statements as to the intercourse and that she must have had sex with some other man, then that position is at odds with [Anderson's] claim during his trial that he had sex with the victim, but that it was with her consent. [He] cannot prevail because his petition clearly did not state a sufficient basis for a claim …

See Anderson v. State, 2009 WL 3162263 at 1 (Ark.S.Ct. 2009).

In June of 2010, Anderson filed a petition for writ of habeas corpus in Lincoln County, Arkansas, Circuit Court. In support of the petition, he advanced the following claims: 1) the judge who presided over Anderson's trial did not have jurisdiction to do so because the judge served as a juvenile court judge, 2) Anderson's arrest was made without probable cause, 3) he was denied his right to a speedy trial, 4) his trial attorney provided constitutionally inadequate representation, 5) the prosecuting attorney engaged in prejudicial misconduct, and 6) the presiding judge committed reversible error. The petition was denied in August of 2010 because, among other reasons, it failed to state a claim for relief.

Anderson timely appealed the denial of his petition for writ of habeas corpus to the state Supreme Court. His appeal was dismissed at a preliminary stage in February of 2011 when it was determined that his petition did not state a basis for the writ. The state Supreme Court supported that determination with the following findings:

> [Anderson] failed to state a claim in his petition that was cognizable in a habeas corpus proceeding. The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. …

> [Anderson] again claimed actual innocence as grounds for the writ, but a petitioner alleging actual innocence must proceed in accordance with Act 1780. To prevail under the statute [he] invoked, a petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a "showing by affidavit or other evidence, [of] probable cause to believe" that he is illegally detained. …

[Anderson] alleged in the petition for writ of habeas corpus that the trial judge was elected to serve as a juvenile judge and did not have authority to preside at his trial; he was not afforded a speedy trial; he was not afforded effective assistance of counsel at trial; errors were made at trial by the trial judge; there was misconduct on the part of the prosecutor; racial prejudice played a role in his conviction; and the evidence was insufficient to sustain the judgment. These claims were not sufficient to establish that the judgment was invalid on its face or that the trial court lacked jurisdiction in the matter.

A habeas corpus proceeding does not provide a petitioner with an opportunity to retry his case or challenge the effectiveness of counsel. … A claim of ineffective assistance of counsel is not cognizable in a habeas corpus proceeding. Even if a petitioner can establish that there was an error at trial, mere trial error would not take away the court's personal or subject-matter jurisdiction. … If there was trial error, [Anderson's] remedy lay in a timely objection in the trial court. … If counsel was remiss in some manner, [Anderson's] remedy was a timely claim of ineffective assistance of counsel raised pursuant to our post-conviction rule, Arkansas Rule of Criminal Procedure 37.1 …

A court with personal and subject-matter jurisdiction over the defendant in a criminal proceeding has authority to render judgment. … While [Anderson] strove to bring the court's jurisdiction into question by asserting that the trial judge was elected as a juvenile judge, he offered nothing to demonstrate that the judge was not a duly qualified circuit judge. Jurisdiction is the authority of the court to hear and determine the subject matter. … [Anderson] raised no challenge that called into question the court's authority.

See Anderson v. State, 2011 WL 395486 at 2 (Ark.S.Ct. 2011).

FEDERAL COURT PROCEEDINGS. In June of 2011, Anderson commenced the proceeding at bar by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, he advanced the following claims:

-6-

1)  His  trial  attorney  provided  constitutionally  inadequate representation and had a conflict of interest because counsel allegedly failed to investigate and argue that the results of a laboratory report contradicted the victim's testimony regarding forcible compulsion.

2) Anderson was denied his right to a speedy trial, and his trial attorney provided constitutionally inadequate representation when he failed to raise the issue at trial and on direct appeal.

3) The judge who presided over Anderson's trial did not have jurisdiction to do so because the judge served as a juvenile court judge.

Hobbs subsequently filed a response to Anderson's petition. Hobbs maintained that the petition should be dismissed because it is time-barred and, alternatively, because the claims contained in it are procedurally barred from federal court review.

Anderson thereafter filed a reply to Hobbs' response.  In the reply, Anderson re-argued  all  of  the  claims  he  advanced  in  his  petition  and  made  two  additional representations in apparent response to Hobbs' assertion of procedural bar. First, Anderson maintained that he is actually innocent of rape. Second, he maintained that circumstances beyond his control rendered the state corrective process ineffective to protect his rights.

The undersigned has now thoroughly reviewed the parties' submissions.  On the basis of that review, the undersigned makes the following findings and recommendation.

PROCEDURAL BAR. Hobbs first maintains that Anderson's petition is time-barred, and Hobbs is likely correct. Rather than engage in the analysis required of such an issue, though, the undersigned will simply by-pass the issue and address his assertion that Anderson's claims are procedurally barred from federal court review.

In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state courts in accordance with the procedural rules established by the state. The foregoing rule includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the state appellate court. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998); Williamson v. Jones, 936 F.2d 1000 (8th Cir. 1991). The exception to this rule permits the claim to be considered if he can show cause for his procedural default.

Anderson first maintains that his trial attorney provided constitutionally inadequate representation and had a conflict of interest. He so maintains because counsel allegedly failed to investigate and argue that the results of a laboratory report contradicted the victim's testimony regarding forcible compulsion. The record reflects that although Anderson raised the claim in his Rule 37 petition, and obtained what can be characterized as a ruling on the claim, he did not appeal the adverse determination of his petition to the state appellate court.

Anderson additionally maintains that he was denied his right to a speedy trial, and his trial attorney provided constitutionally inadequate representation when he failed to raise the issue at trial and on direct appeal. The record reflects that he did not raise the speedy trial issue on direct appeal. He attempted to do so in his Lincoln County petition for writ of habeas corpus, but the claim was rejected, in part, because it failed to state a claim for relief. He appealed the adverse determination of the claim to the state Supreme Court, but the claim was rejected, in part, for the same reason. The determination made of the claim by both courts is understandable because in those instances in which a speedy trial issue is not raised in the trial court or on direct appeal, the petitioner's only remedy is to "challenge the adequacy of his attorney's representation in a petition for post-conviction relief under … Rule 37." See Spivey v. State, 25 Ark. 269, 757 S.W.2d 186, 188 (1988).

The record reflects that Anderson did not challenge his attorney's representation on the ground that counsel failed to raise the speedy trial issue at trial and on direct appeal until Anderson filed his Lincoln County petition for writ of habeas corpus. The claim was rejected initially, in part, because it failed to state a claim for relief. He appealed the adverse determination of the claim to the state Supreme Court, but the claim was rejected because "[a] claim of ineffective assistance of counsel is not cognizable in a habeas corpus proceeding" as it does not establish that the trial court lacked jurisdiction or that the commitment is invalid on its face. See Anderson v. State, 2011 WL 395486 at 2.

Anderson last maintains that the judge who presided over Anderson's trial did not have jurisdiction to do so because the judge served as a juvenile court judge. The record reflects that he did not raise the issue on direct appeal, in his Rule 37 petition, nor in his first petition for writ of habeas corpus. He did not raise the claim until he filed his Lincoln County petition for writ of habeas corpus, and the claim was rejected because it was "unfounded." <u>See</u> Document 9, Exhibit H at 3. He appealed the adverse determination of the claim to the state Supreme Court, but the claim was rejected because "he offered nothing to demonstrate that the judge was not a duly qualified circuit judge." <u>See</u> <u>Anderson v. State</u>, 2011 WL 395486 at 2.

Can it be said that Anderson properly presented the aforementioned three claims to the state courts of Arkansas in accordance with its procedural rules? The undersigned finds that he did not so present his first and second claims, <u>i.e.</u>, his claim that his trial attorney provided constitutionally inadequate representation and had a conflict of interest because counsel allegedly failed to investigate and argue that the results of a laboratory report contradicted the victim's testimony regarding forcible compulsion; and Anderson's claim that he was denied his right to a speedy trial, and his trial attorney provided constitutionally inadequate representation when he failed to raise the issue at trial and on direct appeal. With regard to his third claim, <u>i.e.</u>, his claim that the judge who presided over Anderson's trial did not have jurisdiction to do so because the judge served as a juvenile court judge, the undersigned finds that Anderson properly presented the claim to the state courts of Arkansas in accordance with its procedural rules.

Having found that Anderson did not properly present his first and second claims to the state courts of Arkansas, he is deemed to have procedurally defaulted them. He must show cause for his default before the claims may be considered. Liberally construing his pro se submissions, he first offers his trial attorney's ineffective representation as cause for his default. Ineffective assistance of counsel may be cause for a default, but the claim must first be presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987). Although Anderson challenged his attorney's representation in his Rule 37 petition, he failed to appeal the adverse determination of his petition. Because he failed to do so, he did not properly present a claim of ineffective assistance of counsel as an independent claim. His assertion of ineffective assistance of counsel cannot serve as cause for his default.

Anderson alternatively maintains that he is actually innocent of rape. Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims. See Schlup v. Delo, 513 U.S. 298 (1995). The undersigned finds, though, that he has not made the requisite showing. He maintains that the results of a laboratory report contradicted the victim's testimony regarding forcible compulsion. Anderson's defense at trial was that the sexual contact was consensual. See Document 9, Exhibit J at 44, 50-54. The results of the laboratory report, which he knew about at the time of the trial, see Document 9, Exhibit J at 34-35, 44, do not touch on that issue; the results merely reflect the presence of his semen. In addition, he maintains that there is no

evidence of tearing around the victim's rectum. That fact is not new as it was considered at trial in adjudicating Anderson's guilt. <u>See</u> Document 9, Exhibit J at 32-33.

Anderson alternatively maintains that circumstances beyond his control rendered the state corrective process ineffective to protect his rights and, thus, his first and second claims should be considered.  There are at least two problems with the foregoing assertion. First, he has failed to explain what the circumstances were that hindered his ability to utilize the state corrective processes. Second, there is no evidence of any such circumstance as he was able to prosecute a direct appeal of his conviction, a Rule 37 petition, and two separate petitions for writ of habeas corpus in the state courts of Arkansas.

Anderson has offered no cause for his procedural default, and the undersigned knows of none. The undersigned therefore finds that his first and second claims are procedurally barred from federal court review.

<u>CLAIM THREE</u>. The undersigned found that Anderson properly presented his third claim to the state courts of Arkansas, <u>i.e</u>, his claim that the judge who presided over his trial did not have jurisdiction to do so because the judge served as a juvenile court judge. Despite having so found, the undersigned finds that the claim is without merit. "Although an absence of jurisdiction in the convicting court is … a basis for federal habeas corpus relief cognizable under the due process clause," <u>see</u> <u>Martin v. Solem</u>, 801 F.2d 324, 331 (8th Cir. 1986) [citation and internal quotations omitted], Anderson's third

claim is premised solely upon state law. The state Supreme Court found that he offered "nothing to demonstrate that the judge was not a duly qualified circuit judge," <u>see</u> <u>Anderson v. State</u>, 2011 WL 395486 at 2, and the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary," <u>see</u> <u>Martin v. Solem</u>, 801 F.2d at 331. In light of the state Supreme Court's finding, which is supported by the record, and in light of the fact that he has offered nothing new in presenting the claim in the petition at bar, the undersigned adopts the finding made by the state Supreme Court and finds that he has offered nothing to demonstrate that the judge was not a duly qualified circuit judge.

<u>RECOMMENDATION</u>. In Anderson's <u>pro se</u> petition, he advances the following three claims:

1)  His trial attorney provided constitutionally inadequate representation and had a conflict of interest because counsel allegedly failed to investigate and argue that the results of a laboratory report contradicted the victim's testimony regarding forcible compulsion.

2)  Anderson was denied his right to a speedy trial, and his trial attorney provided constitutionally inadequate representation when he failed to raise the issue at trial and on direct appeal.

3)  The judge who presided over Anderson's trial did not have jurisdiction to do so because the judge served as a juvenile court judge.

-13-

Anderson's first and second claims are procedurally barred from federal court review, and his third claim is without merit. His petition should therefore be dismissed, all requested relief should be denied, and judgment should be entered for Hobbs.

DATED this ___31___ day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE